UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-22835-CIV-AMS
<u>CONSENT CASE</u>

MARIA EUGENIA CHACON, et al.,

    Plaintiffs,

v.

EL MILAGRO CHILD CARE CENTER, et al.,

    Defendants.
_____/

<u>ORDER GRANTING PLAINTIFFS' MOTION TO
STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANTS' MOTION FOR LEAVE
TO FILE DEFENDANTS'  FIRST MOTION FOR SUMMARY JUDGMENT
AND ACCEPT AS TIMELY FILED</u>

This cause is before the Court upon Defendants' Motion for Summary Judgment (DE # 42), Plaintiffs' Motion to Strike Defendant's Motion for Summary Judgment (DE # 43) and Defendants' Motion for Leave to File Defendants' First Motion for Summary Judgment and Accept as Timely Filed (DE # 61).  The Parties have consented to full disposition by the undersigned Magistrate Judge (DE # 20). The Honorable Ursula Ungaro, United States District Judge, has entered an order referring this matter in accordance with the Parties' consent (DE # 21).  Based upon a careful review of the record, the Court hereby GRANTS Plaintiffs' Motion to Strike Defendants' Motion for Summary Judgment (DE # 43), strikes Defendants' Motion for Summary Judgment (DE # 42) as untimely and denies Defendants' Motion for Leave to File Defendants' First Motion for Summary Judgment and Accept as Timely Filed (DE # 61) .

This matter was initiated when Plaintiffs Maria Eugenia Chacon and Adelina Avila filed a Complaint against Defendants El Milagro Care Center, Inc. ("El Milagro") and Vesti

M. Martinez ("Martinez") seeking to recover money damages for unpaid overtime wages and for Defendants' failure to pay the Plaintiffs minimum wage as required by the Florida Constitution and the Fair Labors Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") (DE ##s 1, 5, 12).

Pursuant to a Scheduling Order issued by the undersigned on June 10, 2008, this matter was set for a jury trial on July 20, 2009 and the dispositive motion deadline date set for May 15, 2009 (DE # 26).  On May 15, 2009, Plaintiffs filed a Motion for Extension of Time to file Dispositive Motions (DE # 33) which Defendants joined.  The motion requested that the dispositive motion deadline date be extended to June 8, 2009.  On May 18, 2009, Plaintiffs filed their Motion for Partial Summary Judgment (DE #34).  On May 22, 2009, the undersigned held a telephonic hearing on Plaintiffs' Motion for Extension of Time and informed counsel for both Parties that due to the proximity of the trial date that an extension of time could only be granted for a short period of time.  The undersigned ordered that Defendants' Response to Plaintiffs' Motion for Summary Judgment as well as Defendants' motion for summary judgment, if any, would have to be filed on or before June 5, 2009 (DE #38).  In addition, the undersigned set the response deadline to Defendants' motion for summary judgment, and Plaintiffs' Reply to their own motion for summary judgment for June 19, 2009.  That same day, the undersigned issued a paperless order memorializing the new dispositive motion deadline dates consistent with the rulings made from the bench (DE # 37).

On June 5, 2009, Defendants filed their Opposition to Plaintiffs' Motion for Summary Judgment in accordance with the new deadline dates (DE # 39), but did not file their own Motion for Summary Judgment until June 15, 2009, ten days after the dispositive motion deadline set by the undersigned at the hearing on Plaintiffs' Motion

for Extension of Time (DE # 42).  Plaintiffs then filed a Motion to Strike Defendants' Motion for Summary Judgment for untimeliness (DE #43).  In addition, on June 16, 2009, Plaintiffs filed a further notice of conferral with the Defendants regarding the Motion to Strike, and therein indicated that counsel for the Defendants would withdraw Defendants' Motion for Summary Judgment (DE # 44).  Defendants however, did not withdraw their summary judgment motion and instead filed a Response to Plaintiff's Motion to Strike (DE # 62) asserting that due to moving offices, Defendants' Counsel had inadvertently miscalendared the new deadline date for Defendants' dispositive motions.  Defendants' Counsel explained that he mistakenly believed that the deadline date for Defendants' response to Plaintiffs' Motion for Summary Judgment was June 5, 2009, but that the deadline date for Defendants' dispositive motion was June 19, 2009, and thus believed that his June 15, 2009 summary judgment filing was timely.

On June 23, 2009, Defendants filed a Motion for Leave to File Defendants' First Motion for Summary Judgment and Accept as Timely Filed (DE # 61).  Plaintiffs filed a Response in Opposition to that Motion (DE # 64) and also filed a Reply to Defendants' Response to Plaintiffs' Motion to Strike Defendants' Motion for Summary Judgment (DE # 63).

The undersigned has carefully reviewed the filings regarding the timeliness of Defendants' Motion for Summary Judgment, as well as, the record and concludes that Defendants' filing was untimely and thus should be stricken.  In particular, although Defendants' Counsel has asserted that the deadline date for dispositive motions was miscalendared due to the relocation of Counsel's office, it is undisputed that the undersigned announced orally at the May 22, 2009 telephonic hearing that the deadline date for the filing of dispositive motions would only be extended until June 5, 2009, in

order for there to be enough time for the briefing on any such motion to be completed, and for the Court to have adequate time to rule on the motions prior to the trial. Thus, counsel was specifically advised of the deadline date by the undersigned directly. In addition, a paperless order was issued memorializing the same on May 22, 2009, a full fourteen days before the deadline date. Indeed, the undersigned purposely held a telephonic hearing on the Motion to Extend Deadlines to ensure that the Parties were fully aware of the deadline dates for the dispositive motions and would understand the Court's concerns regarding the inability to fully brief and resolve any motions prior to trial. Therefore, under these circumstances, the Defendants' untimely filing of their Motion for Summary Judgment is inexcusable. Moreover, the very concerns expressed by the undersigned at the May 22, 2009 hearing have arisen, as the time for briefing on Defendants' Motion for Summary Judgment has not yet run, and trial is set to commence in two and a half weeks.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Defendant's Motion for Summary Judgment (DE # 43) is GRANTED. Defendants' Motion for Summary Judgment is hereby STRICKEN (DE # 42) as untimely, and Defendants' Motion for Leave to File Defendants' First Motion for Summary Judgment and Accept as Timely Filed (DE # 61) is DENIED.

**DONE AND ORDERED** in chambers in Miami, Florida, on July 2, 2009.

*/s/ Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
    All Counsel of Record via CM/ECF