UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22835-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

MARIA EUGENIA CHACON, et al.,

    Plaintiffs,

v.

EL MILAGRO CARE CENTER, INC., et al.,

    Defendants.
_____/

<u>ORDER GRANTING PLAINTIFFS' MOTION FOR
AWARD OF LIQUIDATED DAMAGES</u>

Presently pending before the Court is Plaintiffs' Motion for Imposition of Liquidated Damages (DE # 94). The deadline for responding expired on August 17, 2009, and no response has been filed. This case was referred to the undersigned Magistrate Judge for final disposition based upon the consent of the parties (DE # 21). Based upon a thorough review of the record and for the reasons stated herein, Plaintiff's motion is GRANTED.

This is an action to recover unpaid minimum and overtime wages pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Following a four-day jury trial, the jury returned a verdict in favor of both Plaintiffs, finding that Plaintiff Chacon was owed $78,000.00; and, that Plaintiff Avila was owed $30,000.00 (DE # 92).

The statute of limitations for an FLSA claim is ordinarily two years, unless the claim "aris[es] out of a willful violation," 29 U.S.C. § 255(a). Because Plaintiffs sought damages for three years prior to the date of the Complaint, the jury was required to determine whether the violation was willful. In the Verdict Form, the jury specifically

found that Plaintiff proved "by a preponderance of the evidence that Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act" (DE # 92).

Plaintiffs then filed the instant motion for liquidated damages based upon the Jury Verdict in their favor and section 216(b) of the FLSA, which provides that

> [a]ny employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).  Plaintiffs acknowledge that "under certain circumstances the Court may exercise its discretion in determining whether and in what amount to award liquidated damages" (DE # 94 at 1).  Specifically, if an employer proves that it acted in good faith and had reasonable grounds for believing that its actions were not in violation of the FLSA, the Court has the discretion to reduce or deny an award of liquidated damages.  29 U.S.C. § 260.  Plaintiffs contend that in the case at bar, this Court is bound by the jury verdict, and cannot find that Defendants acted in good faith; and, therefore, they are entitled to liquidated damages.

Defendants have not responded in opposition to this motion; and, this Court agrees that Eleventh Circuit precedent precludes a good faith finding by the Court after the jury has found a willful violation of the FLSA.  Specifically, in *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008), the Eleventh Circuit succinctly held that, "in an FLSA case[,] a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question."  515 F.3d at 1166.  The Court added that "to find 'good faith' after a finding of 'willful'

violation is illogical; the two terms are now mutually exclusive." *Id.* at 1165.  Therefore, the undersigned agrees that Plaintiff is entitled to an award of liquidated damages.

It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Award of Liquidated Damages (DE # 94) is **GRANTED**.  Plaintiff MARIA EUGENIA CHACON is awarded liquidated damages in the amount of $78,000.00, in addition to the equal amount of actual damages awarded by the jury, for a total award of $156,000.00.  Plaintiff ADELINA AVILA is awarded liquidated damages in the amount of $30,000.00, in addition to the equal amount of actual damages awarded by the jury, for a total award of $60,000.00.

**DONE AND ORDERED** in chambers in Miami, Florida on September 1, 2009.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies via CM/ECF to:
All counsel of record