**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-22835-CIV-UNGARO/SIMONTON**
<u>**CONSENT CASE**</u>

**MARIA EUGENIA CHACON, et al.,**

      **Plaintiffs,**

**v.**

**EL MILAGRO CARE CENTER, INC., et al.,**

      **Defendants.**

_____/

<u>**ORDER DENYING DEFENDANTS' MOTION FOR RE-HEARING AND/OR
RECONSIDERATION OF COURT'S SEPTEMBER 2, 2009 ORDER
GRANTING ACTUAL AND LIQUIDATED DAMAGES TO PLAINTIFFS**</u>

      Presently pending before the Court is Defendants' Motion for Re-Hearing and/or

Reconsideration of this Court's September 2, 2009 Order Granting Actual and Liquidated

Damages to Plaintiffs (DE # 99).  Plaintiffs have filed a response to the Motion (DE # 101).

Defendants have not filed a reply and the time for doing so has elapsed.  This case was

referred to the undersigned Magistrate Judge for final disposition based upon the

consent of the parties (DE # 21).  Based upon a thorough review of the record and for the

reasons stated herein, Defendants' Motion is DENIED.

      I.     <u>**BACKGROUND**</u>

      This is an action to recover unpaid minimum and overtime wages pursuant to the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, brought by Plaintiffs Maria

Eugenia Chacon and Adelina Avila against their former employers El Milagro Care Center

("Care Center") and Vetsi Martinez (DE # 1).  Following a four-day jury trial, the jury

returned a verdict in favor of both Plaintiffs, finding that Plaintiff Chacon was owed

$78,000.00; and, that Plaintiff Avila was owed $30,000.00 (DE # 92).  Plaintiffs filed a

motion for liquidated damages based upon the Jury Verdict in their favor and section 216(b) of the FLSA.  The Defendants failed to file a response to that Motion and on September 9, 2009, the Court entered an Amended Final Judgment in Favor of the Plaintiffs, awarding both actual and liquidated damages.[1]

Defendants now seek to have this Court grant a rehearing or in the alternative, to reconsider its September 2, 2009 Order entering a Final Judgment and advance several different arguments in support of their request (DE #98).  Plaintiffs have responded that the Defendants have failed to assert appropriate grounds to grant a motion for reconsideration and that the Defendants' arguments are spurious and untimely (DE # 101).

II.    LAW &  ANALYSIS

A.    Legal Standard

A motion for reconsideration is an extraordinary remedy.  *Burger King Corp. V. Ashland Equities, Inc.*, 181 F.Supp. 2d 1366, 1370 (S.D. Fla. 2002).  Motions for reconsideration should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice. *Preserve Endangered Areas of Cobb's History v. United States Army Corps of Engineers*, 916 F.Supp. 1557, 1560 (N.D.Ga.1995) (citations omitted).  A motion for reconsideration may not be used to offer new legal theories or evidence that could have been presented in a previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier

---

[1] The undersigned entered a Final Judgment in this matter on September 1, 2009 (DE # 96) that contained a clerical error.  On September 2, 2009, the undersigned entered an Amended Final Judgment that corrected the error (DE # 97).

stage in the litigation. *Escareno v. Noltina Crucible & Refractory Corp.*, 172 F.R.D. 517, 519 (N.D.Ga.1994) (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir.1992)). Similarly, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Bryan v. Murphy*, 246 F.Supp.2d 1256, 1259 (N.D.Ga.2003). Finally, "[a] motion for reconsideration is not an opportunity for the moving party ... to instruct the court on how the court 'could have done it better' the first time." *Preserve Endangered Areas of Cobb's History*, 916 F.Supp. at 1560.

      B.    Defendants' Arguments

In this matter, the Defendants advance the following arguments to support their request for a rehearing and/or reconsideration: 1) Plaintiffs did not prove that the Defendants were subject to the FLSA and did not meet the criteria for an exemption pursuant to 29 U.S.C. § 213(a)(15); 2) the jury verdict form did not explain the jury's reasons for determining that the Defendants showed willful and wanton disregard for the FLSA; 3) the jury incorrectly determined that Vetsi M. Martinez was individually liable for the alleged violations of the corporation despite no evidence to support this finding; and, 4) the Defendants were prejudiced by the Court's pre-trial decision to entertain argument on the Plaintiffs' Motion for Summary Judgment but refusing to decide Defendants' Motion for Summary Judgment.

At the outset, the undersigned notes that Defendants' instant Motion seeks reconsideration of the entry of a Final Judgment in favor of the Plaintiffs that was based upon the jury verdict returned on July 24, 2009.  However, in the Motion, although Defendants raise issues regarding the sufficiency of the evidence presented by the Plaintiffs at trial, Defendants failed to timely raise these arguments pursuant to Federal

Rule of Civil Procedure Rule 50(a) which provides for Judgment as a Matter of Law in a Jury Trial before the case is submitted to the jury. *See* (DE ##s 86, 87).  In addition, Defendants have also failed to seek relief after the jury verdict pursuant to Rule 59, which sets forth the procedure and circumstances for a court to grant a new trial, or pursuant to Rule 60 which provides for Relief from Judgment on a number of primarily equitable grounds.  Rather, Defendants have only requested that the Court reconsider its entry of Final Judgment and the award of liquidated damages without citation to any of the applicable Federal Rules of Civil Procedure and thus the Court analyzes the Motion as one solely seeking reconsideration of the entry of Final Judgment.[2]

As such, it is clear that the Defendants are not entitled to relief under any of the arguments posited in their Motion for a number of reasons.  First, the Defendants have not provided nor argued the existence of any of the grounds as set forth above that merit relief pursuant to a motion for reconsideration.  The Defendants have not contended that there has been a change in controlling law, that new evidence has become available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.  Moreover, in this case, even if the Defendants had alleged grounds that generally warrant reconsideration of a court's order, the substantive arguments raised in the Defendants' Motion fail on their merits.

Specifically, to the extent that the Defendants request that the Court reconsider its award of liquidated damages to the Plaintiffs, such a request is improper under the instant Motion in light of the fact that the Defendants failed to file an objection to the

---

[2] Based upon the facts of the case and the arguments raised by the Defendants, the undersigned concludes that it is unlikely that Defendants would prevail on the instant Motion even if considered as a Motion predicated upon Federal Rule of Civil Procedure 59 or 60.

Plaintiffs' Motion for Liquidated Damages and have failed to provide an explanation for that failure. If Defendants objected to an award of liquidated damages, the time to raise that objection was in response to the Plaintiffs' Motion for Liquidated Damages and not in a motion for reconsideration of the entry of Final Judgment.  In addition, the Eleventh Circuit has made clear that in an FLSA case, a jury's determination in deciding appropriate limitations period that the employer acted willfully precludes a court from finding that the employer acted in good faith when the court decides the liquidated damages question. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1167 (11th Cir. 2008).  In this case, the jury found that the Plaintiffs proved by a preponderance of the evidence that the Defendants' conduct was willful and thus this Court is foreclosed from denying the Plaintiffs an award of liquidated damages based upon the Defendants' good faith. *See*, (DE # 92 at 3).

Similarly, the Defendants' assertion that the Plaintiffs did not prove that the Defendants were subject to the FLSA and did not meet the criteria for an exemption is not supported by the record nor by the jury's specific determination on this issue as reflected in the Verdict Form (DE # 92)  In support of this argument, the Defendants cite to excerpts of the Plaintiffs' pre-trial depositions rather than the testimony of the Plaintiffs at trial and fail to point to any other evidence from the trial record to support this contention.  Moreover, the undersigned notes that Defendants bear the burden of proving that Plaintiffs were exempt.  Thus, the Defendants have not shown that the jury's verdict was against the clear weight of the evidence and are therefore not entitled to relief based upon this argument.

In addition, the Defendants' argument that the jury verdict form failed to explain the reasons the jury found that the Defendants' conduct was willful is also baseless

because, *inter alia*, the Verdict Form appropriately did not require the jury to provide an explanation for its findings, but rather inquired whether the jury found that Plaintiffs proved by a preponderance of the evidence that the Defendants' conduct was willful.  In fact, the question on the Verdict Form tracked the language of the Special Interrogatories contained in the Eleventh Circuit Pattern Jury Instruction 1.7.1., and was completely compatible with the jury instructions on this issue. *See* (DE # 92 at 3, DE # 89 at 12).

Moreover, it is not for the court to second guess the jury's finding on this issue so long as the evidence at trial was legally sufficient to support the jury's finding that the Defendants' conduct was willful, despite the Defendants' argument otherwise.  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1247 n. 8 (11th Cir. 2008) *citing Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299-1300 (11th Cir. 2007).  Again, the Defendant has utterly failed to demonstrate that the record before the jury was insufficient on this point.

Further, the Defendants' assertion that the jury incorrectly determined that Vetsi M. Martinez was individually responsible for the alleged FLSA violations is also without merit.  The Parties in this action stipulated, as stated in the Joint Pretrial Stipulation, that the Plaintiffs were employed by both El Milagro Care Center and Vetsi Martinez, and that Ms. Martinez would be jointly and severally liable as an FLSA employer if the corporation was found to be liable (DE # 57 at 3).   Thus, this issue was not even determined by the jury because the Parties agreed to Ms. Martinez's liability prior to trial.  Moreover, individual liability as an employer under the Fair Labor Standards Act is governed by federal law, and Defendants' reliance on Florida case law related to liability of a business owner in a breach of contract action is entirely misplaced and simply inapplicable to this

case.

Finally, the Defendants' argument that they were prejudiced when the Court entertained Plaintiffs' Motion for Summary Judgment and not the Defendants' Motion fails to acknowledge that the Defendants failed to timely file their Motion despite the undersigned's oral and written directives to do so.  In fact, the Scheduling Order in the case, issued nearly a year earlier, set the dispositive motion deadline date for May 15, 2009 for all parties (DE # 26).  Neither Party filed dispositive motions before that date, but instead, on that date, Plaintiffs filed a Motion for Extension of Time to File Dispositive Pretrial Motions which was not opposed by the Defendant (DE # 33).  In addition, on May 18, 2009, the Plaintiffs filed their Motion for Summary Judgment (DE # 34).  On May 22, 2009, after a telephonic hearing with both Parties, the Court granted the Plaintiffs' Motion to extend the deadline date for dispositive motions, and also permitted the Defendants to file their Motion for Summary Judgment, as well as a response to Plaintiff's Motion for Summary Judgment on or before June 5, 2009 (DE # 37).   The new deadline for the Defendants' Motion for Summary Judgment was orally communicated to the Defendants' Attorney (DE # 38) and was also memorialized in a Paper Order entered into the docket sheet on that same day (DE # 37).  On June 5, 2009, Defendants filed an opposition to Plaintiffs' Motion for Partial Summary Judgment (DE # 39), but did not file their own Motion for Summary Judgment until June 15, 2009, ten days after the extended deadline.  On July 2, 2009, the Court struck the Defendants' Motion as untimely.  On July 6, 2009, the Court held oral argument on the Plaintiffs' Motion for Summary Judgment and on July 9, 2009, denied the Plaintiffs' Motion (DE  # 72).   Therefore, the Court's refusal to entertain the Defendants' Motion for Summary Judgment was appropriate due to the Defendants' untimely filing of that motion.  In addition, because the Court denied

the Plaintiffs' Motion for Summary Judgment and the case proceeded to trial on all issues, the Defendants did not suffer any prejudice by the Court entertaining the Plaintiffs' Motion.  Therefore, the Defendants' argument fails on this point, as well.

**III.**    **CONCLUSION**

Based on the foregoing, it is, accordingly,

**ORDERED AND ADJUDGED** Defendants' Motion for Re-Hearing and/or Reconsideration of this Court's September 2, 2009 Order Granting Actual and Liquidated Damages to Plaintiffs (DE # 99) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on March 22, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies via CM/ECF to:
All counsel of record

-8-