**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-22835-CIV-UNGARO/SIMONTON**
<u>**CONSENT CASE**</u>

**MARIA EUGENIA CHACON, et al.,**

      **Plaintiffs,**

**v.**

**EL MILAGRO CARE CENTER, INC., et al.,**

      **Defendants.**

_____/

<u>**ORDER GRANTING, IN PART, PLAINTIFFS' VERIFIED**</u>
<u>**MOTION FOR ATTORNEY FEES AND COSTS**</u>

      Presently pending before the Court is the Plaintiffs' Verified Motion for Attorney

Fees and Costs Pursuant to 29 USC 216(b) and Local Rule 7.3 and Request for a Fee

Multiplier (DE # 103).  The Defendants have filed a response to the Motion (DE # 107).[1]  The

Plaintiffs have replied (DE # 110). This case was referred to the undersigned Magistrate

Judge for final disposition based upon the consent of the parties (DE # 21). Following a

careful review of the record as a whole, for the reasons stated herein, the Plaintiffs'

Verified Motion For Attorney Fees and Costs is GRANTED, in part; and the Plaintiffs'

Request for a Fee Multiplier is DENIED.

      I.      <u>**BACKGROUND**</u>

      This is an action to recover unpaid minimum and overtime wages pursuant to the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, brought by the Plaintiffs,

---

[1] The Defendants initially failed to file a Response to the Plaintiffs' Verified Motion
for Attorney Fees and Costs and Request for a Fee Multiplier. However, on June 1, 2010,
the Defendants filed a Response to this Court's Order to Show Cause Why Plaintiffs'
Verified Motion for Attorney Fees and Costs Should Not Be Granted By Default (DE #
107).

Maria Eugenia Chacon and Adelina Avila, against their former employers, El Milagro Care Center ("Care Center") and Vetsi Martinez (DE # 1).  Following a four-day jury trial, the jury returned a verdict in favor of both Plaintiffs, finding that Plaintiff Chacon was owed $78,000.00; and, that Plaintiff Avila was owed $30,000.00 (DE # 92).   The Plaintiffs filed a motion for liquidated damages based upon the Jury Verdict in their favor and section 216(b) of the FLSA.  The Defendants failed to file a response to that Motion and on September 9, 2009, the Court entered an Amended Final Judgment in Favor of the Plaintiffs, awarding both actual and liquidated damages (DE # 98).[2]  The Defendants then filed a Motion for Rehearing and Reconsideration, which sought to have the Court's Final Judgment set aside (DE # 99).

While the Motion for Reconsideration and Rehearing was pending, the Plaintiffs filed the instant Motion seeking an award of attorney's fees in the amount of $65,215.00, plus the additional time that would be required to prepare a reply to the Defendants' response to the Motion, and costs in the amount of $3,021.18 (DE # 103).  The Plaintiffs have also requested that Counsel for the Plaintiffs be awarded a fee enhancement. *Id.* In addition, the Plaintiffs filed a Certification of Conferral pursuant to Local Rule 7.3, which indicated that Counsel for the Defendants had said he needed until September 30, 2009, to obtain the Defendants' position on the Plaintiffs' Motion for Attorney Fees (DE # 104).  The Defendants did not file a response to the Plaintiffs' Motion for Attorney Fees.

On March 22, 2010, the undersigned denied the Defendants' Motion for Re-Hearing and Reconsideration (DE # 105).  The undersigned then issued an Order to Show Cause

---

[2] The undersigned entered a Final Judgment in this matter on September 1, 2009 (DE # 96) that contained a clerical error.  On September 2, 2009, the undersigned entered an Amended Final Judgment that corrected the error (DE # 97).

why the Plaintiffs' Verified Motion for Attorney Fees Should Not Be Granted by Default and directed the Defendants to file a response by the close of business on June 1, 2010 (DE #106).[3]  The Defendants filed a one and one-half page, bare-bones response to the Court's Order, wherein the Defendants requested that the Court hold an evidentiary hearing to determine the attorney fees and costs.  In addition, the Defendants contended that the Plaintiffs' requested amount of attorney's fees was unreasonable and asserted, "Fairness provides that the individual charges specified by the Plaintiffs be demonstrated and the expert witnesses testify as to the validity of the billing.  Further, the Defendants should be allowed to cross-examine all expert witnesses who have been retained by the Plaintiffs to provide testimony in this matter." *Id.* at 2*,* ¶ 5. The Defendants did not, however, provide any specific challenge to specific hours or the total hours expended, nor did they suggest the amount they contend would be a "reasonable fee."

The Plaintiffs filed a Reply to the Defendants' Response to the Order to Show Cause which asserted that the Court should use its expertise to assess the Plaintiffs' request for attorney's fees and costs and which asked the Court to grant the total amount of attorney's fees requested (DE # 110).

II.     **MOTION FOR ATTORNEY FEES AND COSTS**

A.     **Attorney Fees**

1.     **Framework for Analysis**

The instant action was commenced under the Fair Labor Standards Act of 1938, 29

---

[3] The undersigned recognizes that the Defendants may have deemed the Plaintiffs' Motion for Attorneys Fees was premature prior to this Court's ruling on the Defendants' Motion for Re-Hearing and/or Reconsideration.  However, that Motion has been resolved, and thus the Plaintiffs' Motion for Attorney's Fees and Costs is presently pending before the Court.

U.S.C. § 201, *et seq.*  Section 216(b) of the Act makes fee awards mandatory for prevailing plaintiffs. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985). However, when seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary;" or request fees for unsuccessful claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983).  When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

In assessing the reasonableness of attorney's fee requests, courts apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The value of an attorney's services is calculated by multiplying the hours that the attorney worked by a reasonable rate of pay, defined as "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id. (citing Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. *Hensley*, 461 U.S. at 433.

In determining the reasonableness of requested attorney's fees, evidentiary hearings are only necessary "where there [a]re disputes of fact, and where the written record [i]s not sufficiently clear to allow the trial court to resolve the disputes of fact." *Gonzalez v. J.C. Penney Corp.,* 209 Fed.Appx 867, 869 (11th Cir. 2006) (*quoting Norman*, 836 F.2d at 1303). Evidentiary hearings are not necessary every time the written pleadings present a dispute of opinions on matters as to which the courts possess expertise.

4

*Norman*, 836 F.2d at 1303. Specifically, the court possesses expertise on the question of reasonable and proper fees. *Id.* Accordingly, the court may use its own knowledge and experience to form an independent judgment with regard to reasonable and proper fees without the aid of witnesses as to value. *Id.* For instance, where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support, the court may make an award on its own experience. *Id.* Also, where documentation is inadequate, the district court may award a reasonable fee without the need of further pleadings or an evidentiary hearing. *Id.* (*citing Hensley,* 461 U.S. at 433). Likewise, no additional evidentiary hearing or pleadings are required where fee counsel fails to provide evidence on some factor which it contends the court ought to take into account. *Id.* In sum, evidentiary hearings are only required where there is a dispute of material historical fact, such as whether or not a case could have been settled with or without litigation or whether attorney's were duplicating each other's work. *Id.*

## 2.      Entitlement & Reasonable Hourly Rate

In this case, as stated above, the Plaintiffs prevailed at trial and Final Judgment was entered in their favor.  In addition, the Defendants do not dispute that the Plaintiffs are prevailing Parties in this action and are therefore entitled to attorney's fees under the FLSA.  The Plaintiffs request attorney's fees at the following hourly rates:

$300.00/hr for Attorney David Kelly

$325.00/hr for Attorney JH Zidell

$175.00/hr for Attorney Daniel Feld

$150.00/hr. for Attorney Isaac Mamane

Although the Defendants have objected generally to the amount of the Plaintiffs' requested award, they have not specifically challenged the hourly fee rate sought by the

Plaintiffs. Nonetheless, based upon a review of the record of this case and other similar cases, as well as the undersigned's familiarity with the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," the undersigned concludes that the hourly rate sought for the work of Mr. Kelly is reasonable, but the hourly rates sought by Mr. Zidell, Mr. Feld, and Mr. Mamane are excessive. *American Civil Liberties Union. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999).

The undersigned begins by noting that Mr. Kelly, Mr. Zidell, and Mr. Feld recently represented plaintiffs in two other FLSA cases which had been assigned to the undersigned Magistrate Judge: *Turcios v. Delicias Hispanas Corp.*, Case No. 07-20150-CIV-SIMONTON and *Zambrana v. Geminis Envios Corp.*, Case No. 08-20546-CIV-SIMONTON. As was mentioned above, Mr. Kelly and Mr. Zidell request an hourly rate of $300.00 and $325.00, respectively, for their work in this case. In both *Turcios* and *Zambrana*, the undersigned analyzed the skill, experience, and reputation of Mr. Kelly and Mr. Zidell, and concluded that $300.00 per hour was a reasonable rate for both attorneys. *Zambrana v. Geminis Envios Corp.*, No. 08-20546-CIV-SIMONTON, 2009 WL 1585995, at *6-7 (S.D. Fla. June 4, 2009) (*citing Turcios v. Delicias Hispanas Corp.*, Case No. 07-20150-CIV-SIMONTON, 2009 WL 1393238, at *3 (S.D. Fla. May 14, 2009) (Simonton, M.J.). Further, the undersigned finds that, during the litigation of this case, the skill, experience, and reputation of both Mr. Kelly and Mr. Zidell remained substantially the same as they existed during the *Turcios* and *Zambrana* cases. Thus, the undersigned finds that $300.00 is a reasonable hourly rate for both Mr. Kelly and Mr. Zidell.

Next, the undersigned finds Mr. Feld's requested hourly fee of $175.00 unreasonable. In *Zambrano*, Mr. Feld had also requested an hourly rate of $175.00, which

6

the undersigned found excessive. *Id.* In that case, based on Mr. Feld's skill, experience, and reputation, the undersigned determined that an hourly rate $150.00 was reasonable. *See id.* Further, the undersigned finds that, during the litigation of this case, Mr. Feld's skill, experience, and reputation remained substantially the same as it existed at the time he litigated *Zambrano*. Therefore, the undersigned concludes that $150.00 per hour is a reasonable hourly rate for Mr. Feld.

Finally, the undersigned finds Mr. Mamane's requested hourly rate of $150.00 excessive. In the Plaintiffs' motion, the Plaintiffs' counsel cite *Silva v. Miller*, 547 F.Supp.2d 1299, 1306 (S.D. Fla. 2008) to justify Mr. Mamane's requested hourly rate (DE # 103 at 3). Significantly, in *Silva*, the district court noted "the . . . case was . . . complex . . . ." *Id.* The court in *Silva* went on to determine that $137.50 was a reasonable hourly rate for the two "junior attorneys" who worked on that FLSA case. Like the two above-mentioned plaintiff's attorneys in *Silva,* Mr. Mamane was a junior attorney when he worked on this case. Thus, in light of the decision in *Silva*, and without any justification on the part of the Plaintiffs as to why Mr. Mamane should receive more than the $137.50 hourly rate granted to the junior attorneys in *Silva*, the undersigned finds that Mr. Mamane's request for an hourly rate of $150.00 is excessive, and awards Mr. Mamane $137.50 per hour.

### 3.   Reasonable Hours Expended

The Plaintiffs request compensation for 249.7 hours of work performed collectively by their attorneys (DE # 103-1).[4] Individually, each attorney spent the following amount of

---

[4]The Plaintiffs' Counsel asked to be compensated for 248.7 hours of time worked on this case up until the time the Plaintiffs' Motion for Attorney Fees was filed *plus* the additional time that would be required to reply to the Defendants' Response to this motion. The Plaintiffs' Counsel submitted a Reply to the Defendants' Response, but have not submitted the amount of hours it took to draft and file this Reply. (DE # 110). Nevertheless, after reviewing the Reply, the undersigned has determined that a

hours working on this case:

> Mr. Kelly worked 32.2 hours;
>
> Mr. Zidell worked 130.1 hours;
>
> Mr. Feld worked 13.5[5]; and
>
> Mr. Mamane worked 73.9

Based upon a review of the record as a whole, the undersigned concludes that the number of hours each attorney worked was reasonable and necessary. The Plaintiffs' Counsel's hours were not "excessive, redundant, or otherwise unnecessary;" and were spent performing pertinent legal work. The hours were not inflated and do not include duplicative billings for the same work, nor do the hours worked reflect careless work on the part of the Plaintiff's Counsel. *See Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1348-50 (S.D. Fla. 2008) (stating that multiple billing and careless work warrant reductions in the amount of hours claimed by party moving for attorney's fees). Thus, the undersigned determines that the number of hours billed by the Plaintiffs' Counsel for this matter was reasonable and necessary.

### 4.    Lodestar Product

The product yielded by multiplying: 1) the adjusted hourly rates of each of the Plaintiffs' counsel; and 2) the number of hours they worked is as follows:

> $9,660 for Mr. Kelly's work;

---

reasonable amount of time to draft and file such a Reply is one hour. Further, Mr. Feld signed the Reply. Thus, for purposes of the lodestar calculation, the undersigned increased the total amount of Mr. Feld's hours from 12.5 hours to 13.5 and refers to the total amount of hours for which the Plaintiffs request compensation as 249.7.

[5]The additional hour it took Mr. Feld to draft and file the Reply to the Defendant's Response is reflected in the figure 13.5.

8

$39,030 for Mr. Zidell's work;

$2,025 for Mr. Feld's work[6]; and

(+)    <u>$10,161.25 for Mr. Mamane's work.</u>

$60,876.25 total

Thus, the undersigned awards the Plaintiffs a total of $60,876.25 for attorney fees.

5.    <u>Evidentiary Hearing</u>

The Defendants request "an evidentiary hearing in order for the Court to determine attorney fees and costs" (DE # 107 at 2). To justify their request, the Defendants "suggest that the amount of attorney fees proposed by the Plaintiffs is unreasonable." *Id.* The Defendants further urge, "[f]airness provides that the individual charges specified by the Plaintiffs be demonstrated and that expert witnesses testify as to the validity of the billing." *Id.* The Defendants argue they "should be allowed to cross-examine all expert witnesses who have been retained by the Plaintiffs to provide testimony in this matter." *Id.*

The Defendants' request for an evidentiary hearing is entirely without merit. The Defendants have failed to identify, or even allege there exists, a dispute of fact with regard to the requested fees or that the written record is not sufficiently clear to allow the trial court to resolve the disputes of fact. Instead, the Defendants merely, and in a conclusory fashion, "suggest" that the requested fees are unreasonable. As was stated above, such a suggestion, standing alone, does not warrant an evidentiary hearing because this court has independent expertise with regard to the reasonableness of requested attorney's fees

---

[6]The Plaintiffs' Reply to Defendants' Response was signed by Daniel T. Feld, Esq. (DE # 110 at 4). Thus, the undersigned finds it reasonable to increase the award of Mr. Feld's attorney's fees by the product of: 1) the additional time the undersigned determined it took to draft and file the Reply (one hour); and 2) Mr. Feld's hourly rate ($150.00). Thus, the undersigned has awarded the Plaintiffs' Counsel an additional $150.00.

and costs. Consequently, the Defendants' request for an evidentiary hearing is DENIED.

Further, the Defendants' request for this Court to compel the Plaintiffs' to furnish expert testimony regarding the validity of the billing, and to be able to cross examine such experts, is likewise without merit. First, as was stated above, the undersigned denied the Defendants' request for an evidentiary hearing and thereby foreclosed the possibility of live expert testimony regarding the reasonableness of the requested fees. Further, the Plaintiffs have not submitted expert affidavits to this Court, nor are they required to under the amended Local Rules for the Southern District of Florida. L.R. 7.3(a). Thus, the Defendants' request is DENIED.

### 6.    Fee Enhancement

The Plaintiffs have also requested that Counsel for the Plaintiffs be awarded a fee enhancement to the above-calculated lodestar amount (DE # 103 at 4). The Plaintiffs argue that such an enhancement is justified because: 1) this case involved two Plaintiffs; 2) the result obtained for each Plaintiff was exceptional based on their claims; 3) the Defendants asserted an exemption during the litigation claiming there was no jurisdiction for this case, which could have deprived the Plaintiffs of recovery if believed by the jury; and 4) $70,000 to handle two Plaintiffs' overtime claims should be determined to be a very efficient handling of this case. *Id.*

To begin with, courts may make upward adjustments to the lodestar product in light of "the quality of the work performed as evidenced by the work observed, the complexity of the issues and the recovery obtained." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986). However, the figure resulting from the initial lodestar "calculation is more than a 'rough guess' or initial approximation of the final award to be made." *Id.* at 564 (*quoting Blum,* 465 U.S. at 897). Instead, the Supreme

Court has found that the lodestar "product *is presumed* to be the reasonable fee to which counsel is entitled." *Id.* Further, this presumption is a strong one. *Id.* at 565. This is because the factors courts may consider for purposes of enhancing an award are generally subsumed within the initial calculation of the lodestar. Id. at 565 *(citing Blum,* 465 U.S. at 898 - 900) (explaining that "the special skill and experience of counsel," the "quality of representation," and "the results obtained" from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award.).

Thus, factors subsumed in the lodestar calculation cannot be used as a ground for increasing an award above the lodestar. *Perdue v. Kenny*, 130 S.Ct. 1662, 1669 (2010). Accordingly, the quality of an attorney's performance generally should not be used to adjust the lodestar "[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." *Id.* at 1673 (*quoting Delaware Valley I*, 478 U.S. at 566). *See also id.* at 1670 (rejecting the district court's results-based fee enhancement despite the district court judge's finding that he was unaware of any other case in which a plaintiff had achieved such a favorable result.). Although upward adjustments of the lodestar figure are still permissible, such modifications are proper only in certain "rare" and "exceptional" cases, supported by both "specific evidence" on the record and detailed findings by the lower courts." *Id.* at 1673 *(quoting Delaware Valley I,* 478 U.S. at 565).

The undersigned finds the substance of the Plaintiffs' request for a fee enhancement insufficient to constitute the type of rare and exceptional case for which fee modifications are warranted. First, the fact that the Plaintiffs' counsel represented two

11

plaintiffs is unpersuasive. Attorneys often represent more than one client in a matter. Hence, this fact can hardly be said to constitute a rare or exceptional case.

Likewise, having obtained a favorable award for the Plaintiffs is unpersuasive. The success of the Plaintiffs' Counsel is a factor already subsumed in this Court's lodestar calculation. Thus, under these facts, Counsel's success does not warrant an enhancement.

Further, the fact that the Defendants invoked the companionship exemption is also unpersuasive. The assertion of such a defense is part and parcel of the litigation process. Therefore, overcoming such a defense is neither rare nor exceptional.

Finally, the argument that the award should be enhanced due to the Plaintiffs' counsel's efficient handling of the case is entirely without merit because efficiency is a central consideration of the lodestar formula and is thus already factored into the lodestar product. For the above-stated reasons, the Plaintiffs' request for a fee enhancement is DENIED.

B.    Costs

1.    Framework for Analysis

The Plaintiffs also seek costs associated with litigating this matter. The costs recoverable by prevailing plaintiffs in FLSA cases under section 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920 (2008).  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (*en banc*).  Under 28 U.S.C. § 1920, a court may tax costs for the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

12

**(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;**

**(5) Docket fees under section 1923 of this title;**

**(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.**

In this matter, the Plaintiffs request $3,021.18 in costs (DE # 103 at 3). These costs represent expenses associated with the filing fee ($350.00), deposition transcript fees ($213.05), court reporter appearance fees ($270.00), mediation costs ($365.00), service of process fees ($385), costs for a translator at the deposition of the defendant ($170.00), costs for a translator at trial ($988.13), and witness attendance fees ($280.00).  For the reasons discussed below, the undersigned finds that the Plaintiffs are only entitled to recover $2,586.18 in costs.

### 2.        Filing Fee for Removal

The Plaintiffs request $350.00 in costs for the filing fee in this matter (DE # 103-1). The court is authorized by statute to tax costs for "fees of the clerk and marshal." 28 U.S.C. § 1920(1).  Filing fees may be taxed as costs pursuant to this provision. *ABC Charters, Inc. v. Bronson,* Case No. 08-21865-CIV, 2010 WL 1332715, at *6 (S.D. Fla. March 16, 2010). Accordingly, the undersigned awards the Plaintiffs $350.00 in costs for the filing fee.

### 3.        Deposition Fees: Transcript and Court Reporter

The Plaintiffs request $213.05 in costs for deposition transcript fees (DE # 103-1) and an additional $270.00 in court reporter fees incurred in taking the deposition of Vetsi

Martinez (DE # 103-1).[7] The court is authorized by statute to tax costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The necessity for a deposition is determined in light of the facts known at the time the deposition is taken. *DeSisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F.Supp. 906, 912 (M.D. Fla. 1989), *aff'd*, 914 F.2d 267 (11ᵗʰ Cir. 1990).  After careful review of the record, the undersigned finds that in light of the facts known at the time, the deposition transcript of Vetsi Martinez' deposition was necessarily obtained for use in this case. Therefore, the undersigned awards the Plaintiffs $213.05 in costs for deposition transcript fees and $270.00 in court reporter fees.

### 4.    Mediation Fees

The Plaintiffs seek mediation fees in the amount of $365.00 (DE # 103-1).  Mediation fees are not included as taxable costs in 28 U.S.C. § 1920.  Rather, Local Rule 16.2(b)(7). provides that, "[a]bsent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference." This Court may only tax costs as authorized by statute. *See W&O, Inc.*, 213 F.3d at 620. There is no statutory authorization for taxing mediation fees, and the Plaintiffs have not provided any authority supporting their position.  Therefore, the Plaintiffs' request to tax costs of $365.00 for mediation fees is DENIED. *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8ᵗʰ

---

[7]In their Motion for Attorney Fees, the Plaintiffs' counsel do not indicate the specific deposition for which they are seeking reimbursement of court reporter fees. Further, the two court reporter invoices attached to the Plaintiffs' motion do not include the deposed's name. The undersigned assumes, based on the congruence between the date of the attached court reporter invoice (4/6/2009) and the date of Vetsi Martinez' deposition (4/6/2009), that the Plaintiffs refer to the cost of the court reporter utilized in Vetsi Martinez' deposition.

Cir. 2002); *ABD Elqader Hamawaden v. AMK Petroleum Enterprises, Inc.*, 2009 WL 258126, Case No. 07-80973-CIV-WJZ at *1 (S.D. Fla. Feb. 3, 2009).

### 5.    Fees For Service of Process

The Plaintiffs request costs associated with the service of subpoenas made by a private process server in the amount of $385.00 (DE # 103-1). Under 28 U.S.C. § 1920, a court may tax costs for the "[f]ees of the clerk and marshal." U.S.C. § 1920(1). Pursuant to this provision, courts may tax private service of process fees as long as they do not exceed the statutory fees authorized by § 1921, which authorizes the U.S. Marshal to execute service of process. *W & O, Inc.*, 213 F.3d at 624. The U.S. Marshal's rate for service of process is $55.00 per hour for each item served, plus travel costs and any out of pocket expenses. 28 C.F.R. § 0.114(a)(3).

In this case, the Plaintiffs request a total of $385.00 for fees incurred in executing service of process. This $385.00 consists of: 1) $315.00 for costs associated with issuing nine subpoenas, which cost $35.00 each, on nine individuals; and 2) another $70 for re-serving two of the same nine individuals, Canales and Sutrynowicz, on the same day they were initially served. The Plaintiffs have not explained why it was necessary to re-serve Canales and Sutrynowicz on the same day they were initially served. Consequently, the undersigned finds that the $70.00 in costs expended to re-serve Canales and Sutrynowicz is duplicative. Thus, the Plaintiffs' request for the $70.00 used to reserve Canales and Sutrynowicz is DENIED. Therefore, the Plaintiffs are entitled to recover only $315.00 for costs they incurred in serving the initial subpoenas on the nine above-mentioned individuals.

6.      <u>Costs for Translator</u>

The Plaintiffs request $170.00 for the services of a translator employed for the deposition of the Defendant, and an additional $988.13 for the services of a translator utilized in the trial. Together, these requests amount to a total request of $1,158.13 for translator services. The court is authorized by 28 U.S.C. § 1920 to tax costs for "compensation of interpreters. . . ." 28 U.S.C. § 1920(6). Courts have construed this provision to encompass "translators." *Extra Equipamentos & Exportaçâo Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). Thus, the Plaintiffs' request for $1,158.13 for the services of translators is GRANTED.

7.      <u>Costs For Witness Attendance Fees</u>

The Plaintiffs request costs for the attendance fees of seven different witnesses. The witnesses were paid $40 each for their attendance, totaling $280.00 in attendance fees. With regard to witness attendance fees, the Eleventh Circuit Court of Appeals has stated:

> A witness who appears before a federal court "or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States" is entitled to fees and allowances, including "an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(a)(1) & (b) (1994). Section 1920 of Title 28 provides that "[a] judge or clerk of any court of the United States may tax as costs ... [f]ees and disbursements for . . . witnesses." 28 U.S.C. § 1920(3). "The logical conclusion from the language and interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that a fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs."

*Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). The Plaintiffs' request for this court to tax as costs $40.00 per witness comports with the above-cited case law.  Accordingly,

16

the Plaintiffs' request for $280.00 in witness attendance fees is GRANTED.

III.    <u>CONCLUSION</u>

Therefore, based upon a review of the record as a whole, and for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Attorney Fees and Costs is **GRANTED IN PART AND DENIED IN PART**. The undersigned awards the Plaintiffs attorney fees ($60,876.25) and costs ($2,586.18) in the amount of $63,462.43. The Defendants, El Milagro Care Center, Inc. and Betsy M. Martinez, shall be liable, jointly and severally, for the above-stated total amount. It is further

**ORDERED AND ADJUDGED** that the Defendants' Motion for an Evidentiary Hearing is **DENIED.**

**DONE AND ORDERED** in chambers in Miami, Florida on July 28, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

All counsel of record via CM/ECF