UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22835-CIV-SIMONTON

MARIA EUGENIA CHACON, et al.,

    Plaintiffs,

v.

EL MILAGRO CARE CENTER, INC. and
VETSI M. MARTINEZ,

    Defendants.
_____/

**ORDER LIFTING BANKRUPTCY STAY AS TO
DEFENDANT VETSI M. MARTINEZ AND ISSUING ORDER GRANTING
MOTION TO TAKE DEPOSITION OF DEFENDANT UPON
DISMISSAL OF BANKRUPTCY**

This Matter is before the Court upon Plaintiffs' Motion to Lift Stay, ECF No. [127] and Motion to Compel Deposition and For Sanctions, ECF No. [128]. Defendant Vetsi M. Martinez has failed to respond to the Motions and the time for doing so has expired. Based upon the Plaintiffs' Motions and the record as a whole, the Plaintiffs' Motion to Lift Stay is GRANTED and the automatic bankruptcy stay in this action is hereby lifted. In addition, Plaintiffs' Motion to Compel Depositions and for Sanctions is GRANTED in part, and DENIED, in part. The Plaintiffs are permitted to take the depositions as requested in the Motion, but the Plaintiffs' request for the imposition of monetary sanctions is denied.

    I.    **BACKGROUND**

This Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* action was initially brought by the Plaintiffs to recover unpaid minimum and overtime wages from their former employers, El Milagro Care Center ("Care Center") and Vetsi Martinez, ECF No. [1]. On September 2, 2009, following a jury trial, a Final Judgment was entered in favor of Plaintiff Maria Chacon, against the Defendants jointly and severally, in the total amount of

$156,000.00; and, in favor of Plaintiff Adelina Avila, against the Defendants jointly and severally, in the total amount of $60,000.00; for a total judgment in the amount of $216,000.00, ECF No. [98]. The Plaintiffs were also awarded attorney's fees and costs against the Defendants in the total amount of $63,462.43, ECF No. [111]. On November 1, 2013, after a Notice of Filing Chapter 7 Bankruptcy was filed on behalf of Defendant Vetsi Martinez, the Court stayed this action as to Ms. Martinez pursuant to the automatic stay provisions of 11 U.S.C. § 363, ECF No. [126].

The Plaintiffs have now filed a Motion to Lift Stay, ECF No. [127], wherein they contend that the automatic bankruptcy stay in this case is no longer warranted because Defendant Vetsi Martinez's bankruptcy petition was dismissed by the Bankruptcy Court on August 4, 2014, ECF No. [128]. In support of this contention, the Plaintiffs have submitted a copy of an Order Holding Debtor in Contempt, Dismissing Debtor's Bankruptcy Case and Awarding Attorneys' Fees and Costs to the Trustee which was issued by the United States Bankruptcy Court for the Southern District of Florida in the matter of Vetsi Martinez, ECF No. [127-1]. The Plaintiffs therefore request that the Court lift the automatic stay in this action and permit the Plaintiffs to engage in post judgment collection proceedings against individual Defendant Vetsi Martinez.

The Plaintiffs have also filed a Motion to Compel Deposition and for Sanctions, ECF No. [128]. In that Motion, the Plaintiffs request that the Court compel Defendant Vetsi M. Martinez and non-party Elba V. Martinez to appear for deposition within twenty-one days of the Court's Order.[1] The Plaintiffs also request that they be awarded all fees and costs

---

[1] The individual Defendant against whom Final Judgment was entered in this case is Vetsi M. Martinez. At various times during the post-judgment proceedings, Plaintiffs' Counsel represented that Vetsi Martinez also went by the name Elba Martinez, ECF Nos. [112] [125]. The Plaintiffs have filed a Notice of Filing wherein they state that

accrued in connection with having to seek to compel the depositions. In support of this request, the Plaintiffs state that following the Order of the Bankruptcy Court dismissing the bankruptcy Petition, the Plaintiffs filed a Motion to Lift Stay seeking to have the automatic stay Order issued by this Court lifted. The Plaintiffs assert that they successfully served Subpoenas of Deposition in Aid of Execution on Defendant Vetsi Martinez and Elba V. Martinez while that Motion was pending.[2] Plaintiffs state that Plaintiffs' Counsel prepared for and attended the scheduled deposition at Plaintiffs' Counsel's office and state that the Defendant Vetsi Martinez and witness Elba Martinez failed to appear for their depositions. Plaintiffs' Counsel thus also requests an award of attorney's fees for preparing for the depositions.

II. **LEGAL ANALYSIS**

A. **Motion to Lift Automatic Stay**

As stated above, in their Motion, the Plaintiffs request that the Court lift the automatic bankruptcy stay in this action because Defendant Vetsi Martinez's bankruptcy case has been dismissed.

---

according to the paperwork submitted in the bankruptcy action, the Ms. Vetsi Martinez who filed for bankruptcy uses several other names, but is a different person than Elba V. Martinez, ECF No. [125]. The Plaintiffs state that they now believe that Elba V. Martinez may be the mother of Defendant Vetsi M. Martinez, ECF No. [125]. In the instant Motion, the Plaintiffs seek to depose Elba V. Martinez, as well as, Vetsi M. Martinez.

[2] The Plaintiffs contend that Defendants Vetsi Martinez and El Milagro Care Center, Inc., in an attempt to disguise collateral funds, have created an entity, Your Sweet Home, Inc., which the Plaintiffs suspect is mere a continuation of the Defendants' prior corporate entity. The Plaintiffs argue that discovery is needed to determine whether that entity was created with the sole fraudulent and bad faith intention of avoiding payments of the judgment in favor of the Plaintiffs, in violation of Florida Statute § 726.105, which addresses fraudulent transfers where the debtor makes a transfer with the intent to hinder, delay or defraud a creditor.

In relevant part, Title 11 U.S.C. § 362 (c)(2), provides that the stay of any other act under the bankruptcy automatic stay section continues until the time the case is dismissed. *See e.g.* In *Re Anissa J. Hill*, 305 B.R. 100, 104 (M.D. Fla. 2003) (stating ". . .automatic stay of § 362 of the Bankruptcy Code terminates when the case is dismissed"); *Pope v. Manville Forest Productions Corp.*, 778 F. 2d 238, 239 (5th Cir. 1985) (citing to § 362 and stating "a stay granted against an action in district court continues until the bankruptcy case is closed, dismissed or discharge is granted or denied, or until the bankruptcy court grants some relief from stay.")

In this case, the August 1, 2014 Order from the Bankruptcy Court attached to the Plaintiffs' Motion reflects that Vetsi Martinez's Bankruptcy was dismissed with prejudice for a period of one year, ECF N0. [127-1]. Defendant Martinez has not responded to the Motion, and thus does not dispute that her bankruptcy case has been dismissed. Accordingly, pursuant to § 362, the automatic stay has been terminated in this matter, and Vetsi Martinez's bankruptcy no longer bars the Plaintiffs from litigating this action. Accordingly, Plaintiffs' Motion to Lift Automatic Stay is hereby granted.

B.     Motion to Compel Deposition and for Sanctions

In their Motion to Compel Depositions, the Plaintiffs seek to compel the depositions of Vetsi Martinez and Elba Martinez, and pursuant to Fed. R. Civ. P. 37 seek to recover the costs associated with having to bring a motion to compel those depositions, and to recover the costs associated with Vetsi Martinez and Elba Martinez's failure to appear at their previously-noticed depositions.[3]

---

[3] The Plaintiffs have cited to Fed. R. Civ. P. 37 (a)(4)(A) for the portion of the Rule that provides for the payment of expenses, however, Rule 37 was restyled in 2007, and the relevant language has been slightly modified and is now contained in Fed. R. Civ. P. 37(a)(5).

As to the Plaintiffs' request to compel depositions, as stated above, the bankruptcy stay has been lifted in this action, and the Plaintiffs are thus entitled to litigate this action against Defendant Vetsi Martinez.  Given the Plaintiffs' contention that the Defendants have attempted to disguise funds by creating an entity that is merely a continuation of the corporate Defendant in this action, the Plaintiffs' request to conduct post-judgment discovery, including taking the depositions of Defendant Vetsi Martinez and Elba Martinez, is appropriate.  Accordingly, the Plaintiffs may issue subpoenas for the depositions of Vetsi Martinez and Elba Martinez.  Once served, both persons shall appear for their respective depositions, no later than twenty-one days from the date of service.[4]

As to the Plaintiffs' request for monetary sanctions, Fed. R. Civ. P. 37 entitled "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions" provides in relevant part,

> (a) Motion for an Order Compelling Disclosure or Discovery.
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> (2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the

---

[4] The Court notes that Vetsi Martinez is a Party to this action and thus a subpoena need not be served on her in order to secure her attendance at the deposition. However, as conceded by the Plaintiffs, Elba Martinez is not a party to the instant action, and must therefore must be served with a subpoena for the deposition, in order for this Court to have jurisdiction over her.  In this regard, the undersigned notes that although the Plaintiffs indicated in their Notice filed on October 7, 2013, ECF No. [125], that Elba V. Martinez would be noticed for deposition as the corporate representative of the defendant Corporation and successor company, the Subpoena Of Deposition in Aid of Execution Duces Tecum does not identify her as such, ECF No. [128-2].

> discovery is or will be taken.
>
> . . . .
>
> (5) Payment of Expenses; Protective Orders.
>
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37 (west 2014).  Pursuant to this Rule, and for the following reasons, the undersigned concludes that circumstances exist in this case that make an award of Plaintiffs' expenses unjust, at this time.

First, on September 4, 2013, the undersigned entered an Order granting Counsel for the Defendants' Motion to Withdraw, ECF Nos. [121] [122].  That Order stated that Defendant Vetsi Martinez would proceed pro se unless and until she retained new counsel.  There has been no Notice of Appearance filed by new Counsel on behalf of Ms. Martinez in this action, and although an attorney filed the Notice of Filing Chapter 7 Bankruptcy on behalf of Vetsi Martinez, that Notice specifically states that the filing *does not* constitute a Notice of Appearance, ECF Nos. [123] [124].  Further, this Court's November 1, 2013 Order Staying Case did not state that the stay would be automatically lifted upon the conclusion of the bankruptcy action.  As such, when the Plaintiffs served Subpoenas of Deposition in

**Aid of Execution on the individual Defendant Vetsi Martinez, it is unclear whether Vetsi Martinez, who as is proceeding pro se at this juncture, was aware that the automatic stay in this action was lifted when her bankruptcy case was dismissed, given that this Court had not entered an order lifting the stay. This conclusion is bolstered by the fact that the Plaintiffs had filed a Motion seeking to have the automatic stay in this action lifted, which remained pending at the time Vetsi Martinez was subpoenaed for her deposition.**

**In addition, the Certificate of Conferral submitted with the Plaintiffs' Motion states that because the Defendants are *pro se* and Plaintiffs do not have contact information for the Defendants, the Plaintiffs could not confer with the Defendants, prior to filing the Motion other than by U.S. Mail, ECF No. [128] at 6. The Certificate of Conferral is silent as to any attempts to confer with non-party Elba V. Martinez regarding the Motion. Rule 7.1(3) of the Local Rules for the Southern District of Florida requires that prior to filing a civil motion akin to the one at bar, counsel confer (orally or in writing), or make a reasonable effort to confer (orally or in writing) with all parties or non-parties who may be affected by the relief sought in the motion.[5] It does not appear that such an attempt to confer was made, either orally or in writing, prior to the instant motion being filed, despite the Plaintiffs' knowledge of Vetsi Martinez's and Elba Martinez's work address as evidenced by the deposition subpoenas purportedly served on them. As such, the Plaintiffs have failed to comply with the Local Rule and an award of expenses is not appropriate.**

**III. <u>CONCLUSION</u>**

**Accordingly, it is hereby**

---

[5] The undersigned is aware that the Local Rules were amended as of December 1, 2014, to additionally require that, if reasonable efforts were made to confer but were unsuccessful, the movant identify the efforts made with specificity in the statement. The Motion at issue in this case was filed prior to the Amended Rule taking effect.

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Lift Stay, ECF No. [127] is **GRANTED** and the bankruptcy stay imposed by the Court on November 1, 2013, is hereby lifted. The Plaintiffs may engage in post-judgment discovery involving Defendant Vetsi Martinez. It is further

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Compel Deposition and For Sanctions, ECF No. [128], is **GRANTED**, in part, and **DENIED**, in part. The Plaintiffs may conduct post-judgment discovery in this action and the Court orders that Defendant Vetsi M. Martinez and non-party Elba V. Martinez shall appear for their respective depositions within twenty-one days of the service of a subpoena, or as to Vetsi Martinez, any other appropriate Notice of Deposition. The Plaintiffs' request for monetary sanctions is denied for the reasons set forth above in this Order.

**DONE AND ORDERED** in chambers in Miami, Florida on March 11, 2015.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record via CM/ECF

Ms. Vetsi Martinez, pro se, via U.S. Mail at:
1105 W. 69th Place
Hialeah, FL 33014

Ms. Elba Vetsi Martinez via U.S. Mail at:
1105 W. 69th Place
Hialeah, FL 33014