UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22835-CIV-SIMONTON

MARIA EUGENIA CHACON, et al.,

    Plaintiffs,

v.

EL MILAGRO CARE CENTER, INC. and
VETSI M. MARTINEZ,
    Defendants.
                                       /

### ORDER ON PLAINTIFFS' MOTION TO COMPEL DEPOSITION IN AID OF EXECUTION OF DEFENDANT, VETSI M. MARTINEZ, AND FOR FEES AND COSTS, AND MOTION TO DISBURSE GARNISHED FUNDS

This matter came before the Court upon Plaintiff's Motion to Compel Deposition in Aid of Execution of Defendant Vetsi M. Martinez, and for Fees and Costs, ECF No. [143].[1] Also pending before this Court is the Plaintiffs' Motion to Disburse Garnished Funds, ECF No. [144]. The Defendants have failed to respond to either motion and the time for doing so has elapsed. For the following reasons, the undersigned grants the Plaintiffs' Motion to Compel Deposition and the Motion for Disbursement of Funds.

    I.      BACKGROUND

This Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* action was initially brought by the Plaintiffs to recover unpaid minimum and overtime wages from their former employers, El Milagro Care Center ("Care Center") and Vetsi Martinez, ECF No. [1]. On September 2, 2009, following a jury trial, a Final Judgment was entered in favor of Plaintiff Maria Chacon, against the Defendants jointly and severally, in the total amount of $156,000.00; and, in favor of Plaintiff Adelina Avila, against the Defendants jointly and severally, in the total amount of $60,000.00; for a total judgment in the amount

---

[1] This case was referred to the undersigned Magistrate Judge for final disposition based upon the consent of the parties (DE # 21).

of $216,000.00, ECF No. [98]. The Plaintiffs were also awarded attorney's fees and costs against the Defendants in the total amount of $63,462.43, ECF No. [111].

Previously, the undersigned granted the Plaintiffs' request to depose the individual Defendant Vetsi Martinez in aid of execution of the judgment, ECF No. [114]. After Ms. Martinez failed to appear for the scheduled deposition, the undersigned held a show cause hearing, and found Vetsi Martinez in civil contempt for failing to attend her deposition as ordered by the Court. Shortly thereafter, the Defendants filed a Suggestion of Bankruptcy and the undersigned stayed the case as to Vetsi Martinez, only, ECF Nos. [123] [124] [126]. On March 11, 2015, after Vetsi Martinez's bankruptcy petition was dismissed, the undersigned lifted the stay as to this action, and granted Plaintiffs' Motion to Compel the deposition of Vetsi Martinez in aid of execution, which pertained to Vetsi Martinez's failure to appear for a deposition noticed by the Plaintiffs after her bankruptcy petition had been dismissed, ECF No. [130].

On May 29, 2018, pursuant to Florida Statute § 77.03, the Plaintiffs filed a Motion for Writ of Garnishment directed to JP Morgan Chase Bank, N.A., ("Chase Bank") related to Defendant Vetsi Martinez's funds held by the Bank. The Writ of Garnishment against Garnishee Chase Bank was issued by the Clerk of Court on May 31, 2018, ECF Nos. [131] [133]. Chase Bank filed an Answer to the Writ of Garnishment which indicated that Chase Bank held a Checking Account in the name of Vetsi M. Martinez with a balance of $2,500.07, ECF No. [135].

The Plaintiffs have now filed the Motions at bar seeking to compel the deposition of Vetsi M. Martinez in aid of execution, seeking to recover fees and costs incurred in obtaining that deposition, ECF No. [143], and requesting that the Court order Garnishee

Chase Bank to issue the funds held in Vetsi Martinez's bank account to the Client Trust Account of Plaintiffs' Counsel, ECF No. [144].

### II.   LEGAL FRAMEWORK

#### A.   Post Judgment Discovery Pursuant to Fed. R. Civ. P. 69

Federal Rule of Civil Procedure 69, which addresses the execution of judgments, provides in pertinent part:

> In aid of the judgment or execution, the judgment creditor . . ., may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a)(2).  Pursuant to this rule, the judgment creditor may choose whether it wishes to proceed under state or federal law in seeking to enforce a judgment. *In re Clerici*, 481 F.3d 1324, 1336 (11th Cir. 2007).   Further, "Under this Rule, discovery may be had of the judgment debtor or third persons without separate suit and, if discovery is pursued under the federal rules ... all the discovery devices of the Rules may be used as in the progress of the action." *Eddy Leal, P.A., v. Bimini Development of Village West Corp.*, No. 17-CIV-21207-SCOLA/TORRES, 2018 WL 3672244, *1 (S.D. Fla. May 7, 2018) (citing *Caisson Corporation v. County West Building Corporation*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)).

In addition, Fed. R. Civ. P. 37 entitled "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions" provides that a party may move for an order compelling discovery and if that motion is granted the court must, subject to certain exceptions, require the party or deponent whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

3

**Fed. R. Civ. P. 37(a)(5)(A). Similarly, Rule 37(d)(1) provides that a court may order sanctions if a party fails to appear for a properly noticed deposition. The available sanctions include the attorney fees and costs incurred by the moving party as a result of the discovery failure. Fed. R. Civ. P. 37(d)(3).**

> **B.     Writs of Garnishment Pursuant to Fla. Stat. § 77.041(2)**

**Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. Specifically, Fla. Stat. § 77.06 provides that service of a writ "shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer." Fla. Stat. § 77.06(1). Further, pursuant to Fla. Stat. § 77.041(2), once a plaintiff serves a writ of garnishment on a garnishee, the plaintiff must mail to an individual defendant the following: (1) a copy of the writ of garnishment; (2) a copy of a statutorily-required notice; and (3) a copy of the motion for writ of garnishment. The defendant then has 20 days from receipt of the notice to file a claim of exemption and request a hearing. Fla. Stat. § 77.041(1).**

**Within five days after service of a garnishee's answer, a plaintiff is required to serve a defendant (and any other person disclosed by the garnishee's answer to have any ownership interest in the deposit) via mail a copy of the answer and a notice advising the defendant that he or she must move to dissolve the writ of garnishment within 20 days if any allegation in the plaintiff's motion for writ of garnishment is untrue. Fla. Stat. § 77.055. A plaintiff who is not satisfied with a garnishee's answer must serve a**

4

reply within 20 days denying the allegations of the answer and, if the plaintiff fails to file a reply, the answer shall be taken as true. Fla. Stat. § 77.061.

Section 77.083 provides, "Judgment against the garnishee on the garnishee's answer ... shall be entered for the amount of his or her liability as disclosed by the answer ...." It also provides that "[n]o judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee." *Id.*

### III. ANALYSIS

#### A. Motion to Compel Deposition and Award of Fees and Costs

In the Motion to Compel Deposition in Aid of Execution Duces Tecum, the Plaintiffs state that on June 25, 2018, the Plaintiffs served Defendant Martinez with a subpoena for deposition in aid of execution duces tecum for a deposition scheduled to occur on July 10, 2018, ECF No. [143]. Plaintiffs contend that Defendant Martinez failed to appear for the deposition, and the Court Reporter issued a Certificate of Non-Appearance documenting that failure. The Plaintiffs state that the deposition of Ms. Martinez would provide Plaintiffs with an opportunity to determine the financial status of Defendant in relation to the collection status. Plaintiffs thus request that the Court, pursuant to Rule 37(a), compel Defendant Martinez to appear at Plaintiffs' Counsel's office for a deposition, within twenty (20) days of the Court's Order, and to bring all documents responsive to the subpoena duces tecum. The Plaintiffs further request that the Court enter an order awarding Plaintiffs' Counsel all costs and fees in relation to filing the instant Motion, the service of the subpoena, the Court Reporter, and all related work.

**At the outset, the undersigned notes that Defendant Vetsi Martinez has failed to file a response to the Motion and the time for doing so has elapsed.  Local Rule 7.1(c) provides that the failure of a party opposing a motion to file a timely response may be sufficient cause for granting the motion by default.  Accordingly, the undersigned finds cause to grant the Plaintiffs' Motion by default.**

**Moreover, as previously ruled by the undersigned in this action, the Plaintiffs are permitted under the applicable rules to depose Defendant Vetsi Martinez in aid of execution of the judgment issued by this Court.  The documents submitted by the Plaintiffs in support of their Motion establish that Defendant Martinez failed to appear for a properly noticed deposition and further failed to produce documents sought by the Plaintiffs in the Subpoena for Deposition in Aid of Execution, ECF No. [143-1].  Specifically, the Proof of Service attached to the Motion reflects that on June 8, 2018, Vetsi Martinez was personally served with the Subpoena for a deposition to occur at Plaintiffs' Counsel's office on July 10, 2018, ECF No. [143-1] at 1, 15.  Further, the Certificate of Nonappearance reflects that on July 10, 2018, Vetsi Martinez failed to appear for her deposition, ECF No. [143- 2]. Accordingly, the Plaintiffs' request to compel Defendant Vetsi Martinez to attend her deposition is hereby granted, and Vetsi Martinez shall appear for deposition, on seven (7) days' notice, within twenty-one days of receipt of this Order, unless otherwise agreed to by the Parties.  The Plaintiffs shall personally serve Defendant Vetsi M. Martinez with a copy of this Order, and a copy of the Subpoena for Deposition in Aid of Execution, and file a Proof of Service regarding that service with the Court within seven (7) from the date of service.**

In addition, the undersigned grants the Plaintiffs' request for an award of all costs and fees in relation to filing the instant Motion, the service of the subpoena, the Court Reporter, and all related work. The undersigned finds that, consistent with Rule 37(a)(5)(A), the Plaintiffs are entitled to recover reasonable expenses, including attorney's fees, incurred in bringing this motion to compel. *See Decorative Components Incorporated, Inc. v. ICON Computing Solutions, Inc.*, 2012 WL 5398800, *5-6 (S.D. Ala. Nov. 2, 2012) (awarding reasonable fees to plaintiffs pursuant to Rule 37(a)(5)(A) for attorney's fees incurred in bringing motion to compel related to post judgment discovery). In addition, pursuant to Rule 37(d)(3), although the Plaintiffs did not specifically refer to this section in the Motion, to the extent that the Plaintiffs seek to recover additional reasonable expenses, including attorney's fees, caused by the Defendant's failure to appear for her deposition, *e.g.* service of the subpoena and the cost of the Court Reporter, the undersigned concludes that the Plaintiffs are entitled to such an award as a sanction for that failure to appear. *See Winfield Solutions, LLC., v. South Florida Produce, Inc.*, Case No. 12-80032-CIV-RYSKAMP/HOPKINS, 2013 WL 12095171 (S.D. Fla. Sept. 13, 2013) (awarding reasonable attorney's fees and costs pursuant to Rules 37(a)(5)(A) *and* 37(a)(5)(d) where party failed to appear for post judgment deposition).[1]  Accordingly, the Plaintiffs shall consult with Defendant Vetsi Martinez about the reasonable amount of those expenses and fees, and if the Parties are

---

[1] The Plaintiffs cite *DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-civ, 2009 WL 36550, at *7 (S.D. Fla. Jan. 6, 2009), for the proposition that they are entitled to an award of expenses, including attorney's fees, related to post judgment collection efforts in FLSA cases, ECF No. [143] at 2-3.  However, the undersigned concludes that the Plaintiffs are entitled to an award for such expenses under Rules 37(a)(5)(A) *and* 37(a)(5)(d), as part of the discovery rules made applicable to post judgment discovery matters pursuant to Rule 69.

unable to reach an agreement on that amount, the Plaintiffs may file a motion as to the amount, only, for the Court's determination of a reasonable amount of expenses and attorney's fees incurred in bringing the Motion to Compel and due to the Defendant's failure to appear for her deposition.

### B.    Motion to Disburse Garnished Funds

In the Motion to Disburse Garnished Funds, Plaintiffs seek to have this Court issue an Order directing Garnishee Chase Bank to disburse the Defendants' funds that it holds in the amount of $2,500.07, ECF No. [144].  In support of their Motion, the Plaintiffs explain that the clerk has issued a writ of garnishment to Chase Bank in the amount of $279,462.43, that Chase Bank filed an Answer to the Writ indicating that it is indebted to the Defendants in the amount of $2,500.07, and that the Defendants have not responded to the Plaintiffs' Notice regarding the sums held by Chase Bank.  Plaintiffs thus assert that the Defendants have failed to demonstrate that the funds are subject to any claim for exemption, and Plaintiffs are therefore entitled to have the funds disbursed to their Counsel, ECF No. [144] at 1.

The undersigned has reviewed the record and concludes that the Plaintiffs have complied with the requirements under Fla. Stat. § 77.041 regarding disbursement of garnished funds.  Specifically, after the Court granted the Plaintiffs' Motion for Writ of Garnishment following the entry of a final judgment in the Plaintiffs' favor, Chase Bank, filed an Answer to the Writ indicating that it held $2,500.07 in an account owned by Defendant Vetsi M. Martinez, ECF Nos. [131] [133] [135].  On June 8, 2018, the Plaintiffs filed a Notice of Filing Statutory Notice After Answer by Garnishee, which attached a Claim of Exemption and Request for Hearing Form, and served the same upon Defendant

**Martinez via U.S. Mail, ECF No. [137]. The Defendants did not file the Claim of Exemption and Request for Hearing Form and have not otherwise responded to the Plaintiff's Notice After Answer by Garnishee. As such, the Plaintiffs are entitled to have the Defendant's funds that are currently held by Garnishee Chase Bank disbursed to Plaintiffs' Counsel to be applied towards the satisfaction of Final Judgment entered against the Defendants in this action.[2]**

**III. CONCLUSION**

**Accordingly, it is hereby**

**ORDERED AND ADJUDGED that the Plaintiffs' Motion to Compel Deposition in Aid of Execution of Defendant Vetsi M. Martinez, and for Fees and Costs, ECF No. [143] is GRANTED. Defendant Vetsi M. Martinez shall appear for a deposition at Plaintiffs' Counsel's office, at a time mutually convenient for Plaintiffs' Counsel and Defendant Vetsi M. Martinez, on seven days' notice and within twenty-one days of receipt of this Order, unless otherwise agreed to by the Parties. In addition, Defendant Vetsi M. Martinez shall appear at that deposition with documents responsive to the Subpoena for Deposition in Aid of Execution that was served on Defendant Martinez on June 8, 2018. The Plaintiffs shall personally serve Defendant Vetsi M. Martinez with a copy of this Order, and a copy of the Subpoena for Deposition in Aid of Execution, and file a Proof of Service regarding that service with the Court within seven (7) days from the date of service. It is further**

---

[2] The undersigned notes that the Plaintiffs did not seek entry of a final judgment against the garnishee, as permitted under Fla. Stat. § 77.083. The Plaintiffs may file a motion if such relief is sought.

**ORDERED AND ADJUDGED** that the Plaintiffs' request for an award of costs and fees pursuant to Federal Rule of Civil Procedure 37 is granted as set forth above in this Order.  It is further

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Disburse Garnished Funds is GRANTED, ECF No. [144].  Garnishee J.P. Morgan Chase Bank, N.A. is hereby directed to disburse the garnished funds held on behalf of Defendant Vetsi M. Martinez in the amount of $2,500.07 to the Client Trust Account of J.H. Zidell, P.A. within ten (10) days from the date of receipt of this Order.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Florida, this 26th day of December, 2018.

*Andrea M. Simonton*
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel for record via CM/ECF

Ms. Vetsi M. Martinez via U.S. Mail at:
1105 W. 69th Place
Hialeah, FL 33014